Filed 2/18/25  P. v. Palato CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JESSE JAMES PALATO,<br><br>    Defendant and Respondent. | B334957<br><br>Los Angeles County<br>Super. Ct. No. GA094450 |

APPEAL from an order of the Superior Court of Los Angeles County.  Darrell Mavis, Judge.  Reversed and remanded.

George Gascón, District Attorney, Grace Shin and Cassandra Thorp, Deputy District Attorneys, for Plaintiff and Appellant.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Respondent.

A jury convicted Jesse James Palato of sex crimes arising out of his online communications with young boys via the Facebook social media application.  Palato filed a motion to vacate the convictions under Penal Code section 1473.7, subdivision (a)(2).[1]  Palato asserted he could produce newly discovered evidence of his actual innocence that requires vacating the convictions as a matter of law or in the interests of justice.  The People did not file a written response to the motion, but a prosecutor orally opposed it at the hearing.  The trial court summarily granted Palato's motion, stating it did so because the People did not file a response or express an intention to do so.  On appeal, the People assert the trial court erred because there is no authority requiring them to file a written response to a motion under section 1473.7.  We agree.  Accordingly, we reverse the order granting the motion and remand the case for the court to conduct an evidentiary hearing.

### FACTUAL AND PROCEDURAL BACKGROUND

**1.**   ***The convictions***

The People charged Palato with annoying or molesting a minor (§ 647.6, subd. (a)(1)); contacting a minor with the intent to commit a sexual offense (§ 288.3, subd. (a)); attempting to arrange to meet a minor for lewd purposes (§§ 664, 288.4, subd. (a)(1)); and engaging in annoying or molesting conduct with an adult, believing that the adult is a minor (§ 647.6, subd. (a)(2)).  Before trial, the court dismissed the section 647.6, subdivision (a)(2) count on the ground that it was not timely charged.  However, the court allowed the People to present

---

[1]    Undesignated statutory references are to the Penal Code.

evidence at trial about the conduct underlying the charge. (See Evid. Code, § 1108, subd. (a).)

At trial, the People presented evidence that Palato was an elementary school basketball coach. In June 2012, he sent Facebook messages asking an 11-year-old child on his team if the child was " 'gay or bi or curious.' " In July 2014, Palato offered to give another child on his team fireworks if they had sex. Palato invited the child to a movie and suggested they could " 'fuck' " after. In another message, Palato told the child to " 'bend over for me.' " The People also presented evidence that Palato sent messages to an online account that belonged to an eight-year-old child. In one message, Palato asked if he could " 'put [his] finger in [the child's] butt?' " The child's mother contacted the police, who arrested Palato and searched his house. The police found cell phones containing pornography involving young boys. The phones also revealed internet searches for child pornography and a website teaching parents how to keep kids safe from pedophiles.

The jury convicted Palato of all charges, and the court sentenced him to a prison term of 3 years and 364 days. A different panel of this court affirmed the judgment. (See *People v. Palato* (Oct. 26, 2017, B266846) [nonpub. opn.].)

## 2. *Palato's motion to vacate the convictions*

In July 2023, Palato (acting without counsel) filed a motion to vacate the convictions under section 1473.7, subdivision (a)(2). Palato asserted he is entitled to relief because "[n]ewly discovered evidence of actual innocence exists that requires vacating the conviction or sentence as a matter of law or in the interests of justice."

Palato argued his convictions under sections 288.3 and 288.4 must be vacated because the court failed to instruct the jury on the intent required for those crimes. Palato insisted he could produce new evidence that would rebut the intent element. However, because he did not know what evidence the People would have presented had they been required to prove intent at trial, he could not say for certain what new evidence would rebut it.

Palato argued the court should vacate his conviction under section 647.6 because it was time barred. Palato wrote, "I worked for the city of Baldwin Park in the year of 2012. At this time I was questioned and a complaint was filed against me on June 6, 2012. The Baldwin Park [*sic*] questioned me and no further action was taken, I was free to leave." Palato asserted the one-year statute of limitations began running at that time, and it had expired by the time the People added the section 647.6 charge to the information.

Palato attached to the motion a single page of a five-page police report. The page is dated April 16, 2014. Palato suggested someone had falsified the date after-the-fact to avoid issues with the statute of limitations. According to Palato, another page of the report is correctly dated June 12, 2012. Palato did not attach that page to his motion.

3.     ***The hearing on Palato's motion***

The court considered Palato's motion at a hearing on October 5, 2023. At the hearing, the following exchange took place between the court and the prosecutor:

> "THE COURT: And the People, do you have
>     a response?
> "THE PROSECUTOR: Today, no.

4

"THE COURT: What is the People's plan? Are you opposing it? Are you agreeing to it?

"THE PROSECUTOR: I am opposing it.

"THE COURT: Okay.

"THE PROSECUTOR: It indicates that there's new evidence that exonerates him. It will require me to look closely at the file. At this moment, I am opposing it.

"THE COURT: Okay. So it looks like he filed this four months ago.

"THE PROSECUTOR: Yes, sir.

"THE COURT: How were the People planning on proceeding?

"THE PROSECUTOR: Let's have a hearing. It's not my burden of proof.

"THE COURT: Okay. It appears that this was filed in July and that, [prosecutor], you were given a copy of it on September 6th, and then it was calendared for October 2nd. And then it's been continued since.

"THE PROSECUTOR: I'm ready for the hearing.

"THE COURT: Right now?

"THE PROSECUTOR: It's—sure. Yes. Absolutely. I haven't heard how he's going to prove up this evidence. I have no idea that he can today.

"THE COURT: I know.

"THE PROSECUTOR: So I am ready today.

"THE COURT:  Okay.  But the People, when they receive a motion that's filed in writing, under the Rules of Court, need to reply in writing, and I don't have a response by the People.

"THE PROSECUTOR:  The Rules of Court give this court, if the People do not respond, the court may then consider the motion and consider the fact that the People did not file. So the court may do that.  The Rules of Court do give you the right to continue to proceed on this matter today whether I filed a response; you would then look at that. Or if I didn't, then the Rules of Court apply.

"THE COURT:  Right.  I would just assume the People are conceding.

"THE PROSECUTOR:  That's fine.

"THE COURT:  Okay.  The motion to vacate the conviction is granted, and that is simply because of the People's failure to respond in a timely way and not expressing any intent whatsoever to file a response.

"THE PROSECUTOR:  Your Honor, you didn't ask that.  I would file a response if—

"THE COURT:  That's not what you just said.

"THE PROSECUTOR:  No, Your Honor, that's—I don't want to be hasty about this, all right.  So let me—

"THE COURT:  You were hasty.  I asked for a response.

6

"THE PROSECUTOR:  I know I was.

"THE COURT:  [Prosecutor], you are talking over the court, for the reporter present. I am happy to order a transcript of these proceedings and forward them to the head deputy district attorney of the office for the People's position on this.  It's clear. The record is absolutely clear.  And we have had this discussion numerous times where the court has indicated that it expects a written response to a defen[dant]'s motion that's been filed in writing.  Otherwise, I'm assuming that the People are conceding that they don't have a response.

. . .

"THE COURT:  That's the order.  So [Palato,] your request has been granted, sir."

The minute order of the hearing states, "Over the People's oral objection, the court finds good cause to grant the defendant's petition as to counts 3, 4 and 7."

The People appealed.

## DISCUSSION

The People contend the trial court erred by granting Palato's motion "simply because of the People's failure to respond in a timely way and not expressing any intent whatsoever to file a response."  We agree.

Section 1473.7, subdivision (a)(2) allows a person no longer in criminal custody to file a motion to vacate a conviction or sentence if "[n]ewly discovered evidence of actual innocence exists that requires vacation of the conviction or sentence as a matter

7

of law or in the interests of justice." The "court shall grant the motion to vacate the conviction or sentence if the moving party establishes, by a preponderance of the evidence, the existence of any of the grounds for relief specified in subdivision (a)." (§ 1473.7, subd. (e)(1).) Therefore, "the defendant has the burden to demonstrate entitlement to relief under section 1473.7." (*People v. Perez* (2020) 47 Cal.App.5th 994, 997 (*Perez*).)

It is not settled what standard of review applies to an order on a section 1473.7, subdivision (a)(2) motion. At least one court has reviewed the denial of a section 1473.3, subdivision (a)(2) motion for an abuse of discretion. (See *Perez, supra*, 47 Cal.App.5th at p. 997.) However, in *People v. Vivar* (2021) 11 Cal.5th 510, our Supreme Court held motions under section 1473.3, subdivision (a)(1)—which concern errors affecting a party's ability to understand adverse immigration consequences of a plea—are subject to independent review. (*Vivar*, at pp. 517, 527.) The high court did not specify whether that standard also applies to motions asserting actual innocence under section 1473, subdivision (a)(2). However, we need not decide that issue, because reversal is required under both standards of review.

The trial court summarily granted Palato's motion because the People failed to submit a written response to it and did not express an intention to do so. While the court was justifiably frustrated with the prosecutor, absent authority requiring the People to file a response, that frustration did not provide sufficient grounds to grant Palato's motion. The People state they are not aware of any rules or statutes that required a response, Palato does not cite any, nor have we found any in our own research. Indeed, such a requirement would seem to be inconsistent with the fact that section 1473.7 places the burden

8

on the defendant to produce evidence showing he is entitled to relief.  (See § 1473.7, subds. (a)(2), (e)(1).)  Accordingly, the trial court erred by summarily granting Palato's motion based on the People's failure to file a response.

Palato does not directly defend the trial court's stated reason for granting his motion.  Instead, he urges us to affirm the order for a different reason.  According to Palato, the court properly granted his motion because the prosecutor conceded it was " 'true, valid, or correct.' "  In support, Palato points to the prosecutor's remark, "[t]hat's fine," after the court stated, "I would just assume the People are conceding."

It is not clear what the prosecutor meant by that remark.  However, we are confident he did not intend to concede the merits of Palato's motion.  The minute order of the hearing states the court granted Palato's motion "[o]ver the People's oral objection," which is consistent with the prosecutor's other statements at the hearing.  Asked directly for the People's position on the motion, the prosecutor responded, "I am opposing it."  The prosecutor later urged the court to conduct the hearing that day, and he suggested he was skeptical that Palato could meet his burden of proof.  On this record, it is apparent the prosecutor did not intend to concede the merits of Palato's motion.

Nor does the record show Palato is otherwise entitled to relief.  Under section 1473.7, Palato had the burden to show, by a preponderance of the evidence, the existence of newly discovered evidence of actual innocence.  (§ 1473.7, subds. (a)(2), (e)(1).)  Because the trial court summarily granted the motion without conducting an evidentiary hearing, Palato never had

9

the opportunity to present that evidence.  Accordingly, he did not meet his burden of proof, albeit through no fault of his own.

The parties agree that, because Palato never had the opportunity to present evidence to support his motion, the proper remedy is to remand the case for an evidentiary hearing. We agree that Palato should have the opportunity to present his evidence.  Therefore, we reverse the order and remand the case for the court to hold an evidentiary hearing.

## DISPOSITION

We reverse the order granting Jesse James Palato's motion. On remand, the court must conduct an evidentiary hearing and reconsider the motion.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EGERTON, J.

We concur:



EDMON, P.J.



ADAMS, J.